**CONTINENTAL CASUALTY COMPANY, Appellant,**

v.

**W. F. BRIGHTMAN, Appellee.**

No. 344–70.

United States Court of Appeals, Tenth Circuit.

Jan. 29, 1971.

---

1. The names of Potter and Chambers appear to have been misspelled in the complaint.

**68**

Truman B. Rucker, Tulsa, Okl. (Joseph M. Culp, Ardmore, Okl., B. W. Tabor, and M. Darwin Kirk, Tulsa, Okl. of Counsel, were with him on the brief) for appellant.

Charles A. Milor of Milor & Legate, Ardmore, Okl., for appellee.

Before LEWIS, Chief Judge, McWILLIAMS, Circuit Judge, and DOYLE District Judge.

PER CURIAM.

This action was initiated by the appellant insurance company in the United States District Court for the Eastern District of Oklahoma as one seeking declaratory relief determining that a policy of trip insurance on the life of one Jesse Allen and naming the appellee Brightman as beneficiary was void. The issuance of the subject policy and the accidental death of Allen during the policy period were admitted and by pretrial order the factual issue was limited to a determination of whether Allen's signature on the policy application was a forgery. This issue arose because the signed application and premium payment, although Allen had discussed the insurance and had received the application form from Continental's agent, were left on the agent's desk during the agent's absence. The trial court found the questioned signature to be genuine, held the policy to be valid, and this appeal followed. No appellate issue of substance is presented.

The finding of the trial court that the questioned signature is genuine is amply supported by the record although handwriting experts presented sharply conflicting opinions. The contention that the policy was void because Brightman had no insurable interest in the life of Allen has no possible merit in the absence of any supporting claim that Brightman procured the policy or caused it to be issued. Under Oklahoma law an insured may name any person as beneficiary with respect to personal insurance. 36 Okl.St.Ann. § 3604. And, finally, the fact that Allen, after paying an adequate premium, left to the discretion and expertise of Continental's authorized agent the responsibility of filling in certain blanks in the application to comply with a suitable policy to be issued in accord with their understanding in no way negatives the validity of the policy. Although Allen never saw the policy as issued it was applied for and issued in accord with his wishes.

Affirmed.